ACCEPTED
14-14-00462-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
8/6/2015 2:10:43 PM
CHRISTOPHER PRINE
CLERK



**KEN PAXTON**
ATTORNEY GENERAL OF TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

8/6/2015 2:10:43 PM

CHRISTOPHER A. PRINE
Clerk

August 6, 2015

FOURTEENTH COURT OF APPEALS                    *VIA ELECTRONIC FILING*
301 Fannin Street
Houston, Texas 77002-2066
**ATTN: Christopher A. Prine**

Re:    Case No. 14-14-00462-CV; *The State of Texas v. Treeline Partners, Ltd.*; In
       the Fourteenth Court of Appeals, Houston, Texas.

Dear Mr. Prine:

On July 30, 2015, Appellee Treeline filed a letter addressing the recent opinion of
*State v. KNA Partners*, No. 01-14-00723-CV, 2015 WL 4603385 (Tex. App.—Hous.
[1st Dist.] July 30, 2015, no pet. h.). Appellant State files this letter to respond to
Treeline's letter. Please distribute this letter to Justices Christopher, Brown and Wise.

While the State raised a similar issue in *KNA*, the judgment language in *KNA* is
significantly different from the judgment language in this case. In *KNA*, the judgment
language made title to the acquired property subject to the restoration of nine access
driveways. *See KNA*, 2015 WL 4603385, at *1. Unlike the case before this Court, the
*KNA* judgment did not grant the property owner a legal property right to driveways
in specific locations and widths. The *KNA* court found that the issue in that case was
moot because deleting the trial court's requirement that the State restore driveways
would have no practical legal effect since the driveways had already been completed.
In this case, deleting the complained of language will have a practical legal effect
because it will undo the improper grant of a legal property right to driveways in
specific locations and specific widths.

The Court should also note that the *KNA* judgment involves the same property owner
counsel, and the same trial court, as in this case, but the *KNA* judgment was not
signed until May 29, 2014, approximately two and a half months after the judgment
date in this case,  and almost two months after the State filed a motion to modify the

judgment in this case. *Compare* Brief of Appellant State of Texas, Appendix A, No. 01-14-00723-CV, 2015 WL 4603385, *available at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=6614c428-2bfc-4007-b886-896c7345f677&coa=coa01&DT=Brief&MediaID=8a35655c-bf8f-4a56-868e-1f12c2981454, *with* CR 904–21, *and* 2nd Supp CR 4–12. Notably, the *KNA* judgment, entered after the judgment in this case, did not grant a legal right to driveways in specific locations and widths, but simply made passage of title subject to the restoration of driveways.

Sincerely,

/S/ Susan Desmarais Bonnen
Susan Desmarais Bonnen, AAG
State Bar No. 05776725
susan.bonnen@texasattorneygeneral.gov

SDB/lfs

cc:     Marie R. Yeates          via email and E-Service
        Richard L. Rothfelder    via email and E-Service
        Catherine Smith          via email and E-Service
        Leslie Taylor            via email and E-Service